IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON ARLAN BARNES, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-13-2587 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jason Arlan Barnes, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and twenty-year sentence for sexual assault of a child. Respondent filed a motion for summary judgment (Docket Entry No. 12), to which petitioner filed a response (Docket Entry No. 17).

Based on careful consideration of the pleadings, the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

## I. BACKGROUND AND CLAIMS

Petitioner was convicted of sexual assault of a child and sentenced to twenty years' incarceration on October 5, 2010. No direct appeal was taken. The Texas Court of Criminal Appeals denied petitioner's application for state habeas relief in July 2013.

Petitioner filed the instant federal habeas petition on August 31, 2013, raising the following four grounds for habeas relief:

1.    Trial counsel were ineffective in failing to advise him adequately regarding the State's threat to enhance his punishment, and in not allowing him adequate time to confer with his family.

2.    The State denied him due process by threatening to enhance his punishment and in using time constraints against him.

3.    There was no evidence to support the conviction, but he accepted the plea offer under threats of punishment enhancement.

4.    The State violated his ex post facto protections by threatening to enhance his punishment with a 1986 deferred adjudication probation.

Respondent argues that one or more of these claims are procedurally barred, and that all of the claims are without merit. The Court will address the merits of each of petitioner's claims.

## II.  THE APPLICABLE LEGAL STANDARDS

A.    Habeas Review

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, ___U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).

A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

3

B.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   FED. R. CIV. P. 56(c).   Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.   *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.   Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant.   Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court.   *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## III.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal

habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient

5

performance renders the result of the trial unreliable or the proceeding fundamentally unfair.

*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness

does not result if the ineffectiveness does not deprive the petitioner of any substantive or

procedural right to which he is entitled. *Id.*

Petitioner claims that his trial counsel were ineffective in failing to advise him

adequately regarding the State's threat to enhance his punishment, and in failing to give him

adequate time to confer with his family.

Petitioner's two trial counsel submitted the following affidavits on collateral review.

Petitioner's first trial counsel testified in her affidavit as follows:

> DID YOU ADVISE THE APPLICANT THAT HE SHOULD ACCEPT THE
> PLEA OFFER FROM THE STATE?  PLEASE EXPLAIN.
>
> Mr. Barnes was advised that the offer was below the minimum if re-indicted,
> and if the new indictment included the prior offense.  I have never and would
> never, force a client to plea [*sic*] to any charge or allegation.  Mr. Barnes was
> fully advised and aware of the District Attorney's reluctance to honor the plea
> bargain agreement and their intention of pursuing the higher punishment range
> based upon his prior conviction.
>
> AT THE TIME THE APPLICANT ACCEPTED THE PLEA OFFER, HAD
> THE STATE INDICATED THAT, IF THE OFFER WAS NOT ACCEPTED,
> IT INTENDED TO RE-INDICT [THE] CHARGED OFFENSE WITH AN
> ENHANCEMENT BASED UPON A PREVIOUS CONVICTION? IF YES,
> DID YOU INVESTIGATE THE UNDERLYING CONVICTION TO
> VERIFY THAT ENHANCEMENT BASED ON THAT CONVICTION WAS
> PROPER? PLEASE EXPLAIN.
>
> Yes. The Prosecutor handling the case had made the offer based upon the one
> charge pending.  After further review they felt that the offer was not
> appropriate because of the prior conviction.  Therefore, they reluctantly
> honored the original plea offer. Both I and my co-counsel [ ]fully investigated

6

his prior and felt that the plea offer was generous, however [*sic*] never forced or coerced his acceptance of said offer.

DID YOU EXPLAIN THE OPTIONS (PLEA VS. POSSIBLE RE-INDICTMENT AND TRIAL) AVAILABLE TO APPLICANT PRIOR TO HIS ACCEPTANCE? BASED UPON YOUR INTERACTION WITH THE APPLICANT? DO YOU BELIEVE HE UNDERSTOOD THE CONSEQUENCES OF HIS DECISION TO ENTER A PLEA OF GUILTY? PLEASE EXPLAIN.

A special trip to the jail was made to discuss the possible outcomes of accepting or rejecting the plea to the charged allegation and proposed re-indictment of the charge to include the enhancement. Not only did he fully understand the consequences, he advised us it was in his best interest to plea before the potential re-indictment. I am confident that Mr. Barnes was fully advised and aware of the potential outcomes if the case was re-indicted, and voluntarily and knowingly chose to accept the generous offer by the State.

*Ex parte Barnes*, pp. 50–51 (capitalizations in original). Petitioner's second trial counsel had

only minor involvement in the case, but testified to the following:

1.  I do recall a conversation with Mr. Barnes in which both [first counsel] and I did advise Mr. Barnes that he should accept the plea offer.

2.  It is my recollection that the state did indicate that they would re-indict the case, and upon re-indictment the client could be facing a life sentence if he did not accept the 20 year TDCJ-ID offer. It is also my recollection that the state was not willing to give us an enormous amount of time due to Mr. Barnes having prior settings and an offer with his [prior] counsel. We researched the prior offense and judgment and found it would have served as a conviction for purposes of enhancement.

3.  My recollection is that we thoroughly went over all options concerning accepting the plea offer of 20 years, any offer of life based on the re-indictment, and the pros and cons of a trial of the alleged sexual assault of a child. I am quite confident based on my interactions with Mr. Barnes that he understood the consequences of entering a plea of guilty and he did so voluntarily.

*Id.*, pp. 52–53.

In rejecting petitioner's claims of ineffective assistance of counsel, the trial court

made the following findings of fact:

3.      The Court is familiar with the performance of the applicant's attorneys,
        [ ] and [ ], who have long practiced in the courts of Montgomery
        County and are well qualified for appointment as trial counsel in
        criminal cases.

4.      [Petitioner's counsel] each submitted a credible affidavit in answer to
        the applicant's claims of deficient performance.

5.      The applicant was placed on deferred adjudication and placed on
        community supervision in Cause No. 454412 in the 228th District
        Court of Harris County, Texas for the offense of indecency with a child
        in August of 1986.

6.      The applicant was discharged in Cause No. 454412 pursuant to an
        'unsatisfactory termination,' but was not permitted to withdraw his
        plea, nor was the case dismissed.

7.      [Counsel] conducted a thorough investigation and correctly concluded
        that, if the State proved the applicant's prior deferred adjudication for
        indecency with a child, he would face a mandatory life sentence if
        found guilty at trial.

8.      Accurately informing the applicant of the fact that, if he was found
        guilty at trial, he could face a mandatory life sentence was not
        improperly coercive.

9.      The applicant entered a plea of guilty freely and voluntarily, and in
        return received a sentence far less than the mandatory life sentence [he]
        could have faced if found guilty at trial.

*Id.* pp. 68–69.  The trial court also made the following conclusions of law:

8

2.  The applicant has failed to prove by a preponderance of the evidence that he was denied his right to the effective assistance of counsel.

3.  The applicant's prior deferred adjudication for indecency with a child could have been used for enhancement of punishment for the present offense, and would have required a mandatory life sentence if proven at trial.

*Id.*, p. 69 (citations omitted).  The Texas Court of Criminal Appeals expressly relied on the trial court's findings and conclusions in denying habeas relief.  *Id.*, at cover.

In his response to the pending motion for summary judgment, petitioner claims that his attorneys were deficient in not realizing that the 1986 deferred adjudication could not be used for enhancement purposes under state law.  However, the trial court specifically concluded that the deferred adjudication could be used for enhancement purposes as a matter of state law.  This Court is bound by the state court's determination that the deferred adjudication could be used for enhancement purposes under state law.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Charles v. Thaler*, 629 F.3d 494, 500–501 (5th Cir. 2011) ("Under § 2254, federal habeas courts sit to review state court misapplications of federal law.  A federal court lacks authority to rule that a state court incorrectly interpreted its own law.  When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions are state law.").  Simply put, a federal habeas court does "not sit as a 'super' state supreme court" to review alleged errors of state law. *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986); *see also Dickerson v.*

*Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Accordingly, petitioner fails to meet his burden of showing that trial counsel were ineffective in failing to discover that the deferred adjudication could not be used for enhancement.

Petitioner further fails to demonstrate ineffective assistance of counsel in his claim that trial counsel did not provide him sufficient time to "confer with family" regarding the plea offer. Even assuming counsel had been able to obtain additional time, petitioner fails to show that, but for counsels' failure to obtain additional time for him to confer with his family, there is a reasonable probability that the result of the proceeding would have been different. Nor does petitioner rebut the presumed correctness of the state court's finding that counsel were not "improperly coercive" in correctly informing petitioner that he faced a mandatory life sentence if found guilty at trial. Petitioner establishes neither deficient performance nor actual prejudice under *Strickland*. His conclusory claims are unsupported in the record and without merit.

The state court denied relief on petitioner's ineffective assistance of counsel claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## IV.  COERCED GUILTY PLEA

In his second and third claims, petitioner argues that the State coerced his plea to an unsupported criminal charge by threatening to enhance his punishment, and in not affording him sufficient time to make a proper decision.

Underlying these claims is petitioner's same argument that the 1986 deferred adjudication could not have been used under state law to enhance his punishment had he elected to proceed to trial.  As already noted, this Court is bound by the state court's finding that the deferred adjudication could have been used for enhancement under state law.  Thus, petitioner does not establish that the State unlawfully "threatened" him with use of the 1986 proceeding.  Moreover, the record does not support petitioner's conclusory allegation that the State "threatened" him into pleading guilty by informing him that it would re-indict him and use the deferred adjudication to enhance punishment if he elected to proceed to trial. The Fifth Circuit Court of Appeals has long recognized that a plea is not coerced or involuntary simply because it is compelled by warnings about the likelihood of conviction or a lengthy prison sentence. *See Urseti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987). Nor does petitioner establish that he was not afforded sufficient time to make a proper decision regarding the plea offer, and his conclusory allegation is insufficient to preclude the granting of summary judgment against him.

The state court rejected petitioner's claim that his plea was coerced or involuntary. Petitioner fails to show that the state court's determination was contrary to, or involved an

11

unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## V.  *EX POST FACTO* VIOLATION

Petitioner next contends that the State's threat to enhance his punishment with an improper 1986 deferred adjudication probation violated his *ex post facto* protections. This claim presents nothing for this Court to consider, as the state court determined that state law allowed use of the deferred adjudication for enhancement purposes. Again, this Court cannot re-evaluate the state court's determination, as is arises solely under state law. No *ex post facto* violation is shown, and respondent is entitled to summary judgment dismissal of this claim.

## VI.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 12) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 23rd day of April, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE